UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN D. MEIGS,

    Plaintiff,

v.                              CASE NO.   8:03-CV-2587-T-17EAJ

EXPRESSJET AIRLINES,
INC LONG TERM DISABILITY
PROGRAM FOR PILOTS,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 50 Report and Recommendation
Dkt. 51 Objections
Dkt. 52 Opposition to Objections

This case is an ERISA case for unlawful termination of disability benefits.  Defendant terminated Plaintiff's long term disability benefits on the basis of material misrepresentations.

In the Report and Recommendation, the assigned Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment (Dkt. 32) be denied, that Defendant's Cross-Motion for Summary Judgment be denied (Dkt. 28), and that Plaintiff's Motion to Strike (Dkt. 34) Paragraph 16 of the Miles Affidavit be granted.

Rule 72(b) requires the Court to make a <u>de novo</u> determination of any portion of the Report and Recommendation to which an objection has been filed.

Case No. 8:03-CV-2587-T-17EAJ

I. Paragraph 16 - Miles Affidavit

Defendant argues that Paragraph 16 of the Miles Affidavit is not hearsay, because the affidavit was not presented for the truth of the matter asserted by simply to show the professional opinion on which the insurer based its decision.

Plaintiff responds that Paragraph 16 is hearsay in that the affidavit concerns what Defendant's in-house lawyers allegedly discussed with Dr. Berry, and what Dr. Berry said to the lawyers as to Plaintiff's alleged misrepresentations to Dr. Berry.

After consideration, the Court overrules the objections. The Affidavit purports to identify the specific misrepresentations allegedly made by Plaintiff to Dr. Berry, and the Court finds it is hearsay.

II. Materiality of Plaintiff's Misrepresentation For Failure to Consider All Three Bases for Disability

Defendant argues that because the Administrative Committee denied benefits on the basis of material misrepresentation, it is irrelevant whether Plaintiff was disabled under the plan on some other basis.

Plaintiff argues that the Report and Recommendation correctly focuses on whether any misrepresentations were made in the first place, and whether any misrepresentations, if made, were material to the coverage issue presented.

2

Case No. 8:03-CV-2587-T-17EAJ

Judge Jenkins found that the Court may ask only whether the Administrative Committee's decision to deny Plaintiff benefits based on Plaintiff's material misrepresentations has a rational and good faith basis. Judge Jenkins found that there are open factual issues which must be resolved before that determination can be made. The Court agrees that there are open factual issues which must be resolved before the Court can reach the issue of materiality. After consideration, the Court overrules Defendant's objections as to this issue.

III. Determination of Administrative Committee that Plaintiff's Misrepresentation Was Not Supported by a Reasonable Basis

Defendant argues that the review of the Administrative Committee's decision is not a de novo review, and the issue is whether the Administrative Committee was arbitrary and capricious when it determined that Plaintiff had made a material misrepresentation. Defendant argues that, after gathering relevant information, the Administrative Committee determined unanimously that Plaintiff made a material misrepresentation, and that Plaintiff never denied her physical activities to the Committee.

Plaintiff responds that in an arbitrary and capricious ERISA case, the Administrative Committee's decision cannot be upheld as reasonable if it ignores contrary findings of disability by the treating physician and the IME physician. Plaintiff argues that the Magistrate Judge found that the current Administrative Record was insufficient to permit a finding as a matter of law as to whether there was a material misrepresentation by Plaintiff to the IME physician.

3

Case No. 8:03-CV-2587-T-17EAJ

The Court has found that there are factual disputes which preclude the entry of summary judgment. After consideration, the Court overrules Defendant's objection to the Report and Recommendation.

The Court has independently reviewed the pleadings, and adopts and incorporates the Report and Recommendation. Accordingly it is

ORDERED that the Report and Recommendation (Dkt. 50) is **adopted**. The Court **denies** the Motion for Summary Judgment (Dkt. 28) and the Amended Motion for Summary Judgment (Dkt. 32). The Court **grants** Plaintiff's Motion to Strike Paragraph 16.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 31st day of March, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record